## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH
## CIVIL ACTION NO. 5:24CV-P162-JHM

**MITCHELL PAUL MEYER**                                                                                    **PLAINTIFF**

**v.**

**ERIC LEE** *et al.*                                                                                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Mitchell Paul Meyer filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A and consideration of Plaintiff's motion for appointment of counsel. For the reasons stated below, the Court will dismiss the action and deny the motion to appoint counsel.

### I.  SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is an inmate at the Marshall County Detention Center. He sues the Jenny Stewart Hospital located in Hopkinsville, Kentucky; Eric Lee, identified by Plaintiff as the CEO of Jenny Stewart Hospital; and Beth McGraw, identified as the Vice President of Nursing of Jenny Stewart Hospital.

Plaintiff states that on June 12, 2024, he drove himself to Hopkinsville, Kentucky, in an "attempt to get mental health treatment." He maintains that he was trying to find Western State Mental Health Hospital when he realized that a police car was behind him and he turned into the Jenny Stewart Hospital parking lot and stopped his car. He asserts that an officer approached his car and asked for his identification and that the officer "reported over his radio 'It's him.'" He states that he explained to officers that he was trying to get admitted to Western State Mental Hospital and one of the officers "told me to go into Jenny Stewart & they could get me into Western State from there . . . ."

Plaintiff states that when he went into Jenny Stewart Hospital "they drew my blood & kept me overnight but did not admit me to Western St." He states that he was released the next day and that "a nurse walked me to the parking lot where my car was, I got in my automobile & drove off." He states that on his way home he "hit a detour" that "took me to Madisonville Ky where I was pulled over & charged with D.U.I." He states, "I have not yet been convicted of this D.U.I. but I was on 10 years probation in Graves Co Ky . . . . On October 3, 2024, I was committed to D.O.C. to serve this 10 year sentence as a direct result of this D.U.I."

Plaintiff states, "I believe Jenny St[ew]art Hospital, Eric Lee & Beth McCraw violated my 3rd and 1st Ammendment right. I went there for help because I knew something wasn't right. According to the medical records I recieved from Jenny Stewart & the K.S.P. labs there was methamphetamines in my system." He continues, "There is no way Jenny Stewart was supposed to discharge me & walk me to my car to drive in this condition. As a direct result I am now serving a 10 year prison sentence, I have also been tazed, pepper sprayed, & placed in a restraint chair 3 times as a result of thier neglect." He asserts, "Eric Lee is named in this suite because as CEO it is his responsability to make sure patients get the care & treatment they deserve. Beth McCraw is named in this suite because as the Vice President of Nursing it is her resposability to make sure these type blunders do not occur."

As relief, Plaintiff seeks compensatory and punitive damages and to be provided an attorney and an accountant.

## II.  ALLEGATIONS AGAINST NON-DEFENDANTS

On the complaint form, Plaintiff states that he filed a previous lawsuit against David Massamore, Jordan Hancock, Alexandrea Panarelli, James Chamberlain, Cirris Hatfield, Cheri Riddle, and Andy Beshear. Under a heading "Previous Lawsuits," he makes various allegations

2

against those individuals. According to the Court's records, Plaintiff has filed a separate civil suit in this Court against those Defendants. *See* Civil Action No. 4:24-cv-118-JHM. Therefore, any allegations concerning those Defendants must be addressed in that action and will not be considered here.

Also under the heading "Previous Lawsuits," Plaintiff describes two incidents that occurred in September 2024 while he was housed at Hopkins County Detention Center. He states that he was pepper sprayed and two days later was tased by jail personnel. The jail employees are not named as Defendants in Civil Action No. 4:24-cv-118-JHM. However, Plaintiff also does not list any jail employees as Defendants in this action. Because they are not named as Defendants in the instant complaint, the Court will not consider the jail employees as Defendants herein. The Court will direct the Clerk of Court to send Plaintiff a § 1983 complaint form should he wish to file an action against them.

### III. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the

plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## IV. ANALYSIS

### A. § 1983 claims

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

A private entity acting on its own cannot deprive a citizen of his or her constitutional rights. *See Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149 (1978)); *Hudgens v. NLRB*, 424 U.S. 507 (1976)). Section 1983 does not create a cause of action against a private actor "'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Jenny Stewart Hospital is not an arm of the state but

is a private actor that cannot be held liable under § 1983. *See Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (allegation that hospital was subject to state licensing was insufficient to support finding it was acting under color of state law); *Bernazard v. Bartsich*, No. 15-CV-945 (JG), 2016 U.S. Dist. LEXIS 3131, at *6 (E.D.N.Y. Jan. 9, 2016) ("[T]he mere fact that Jamaica Hospital was the receiving hospital of a patient shot by a New York City Police officer does not make it or the defendant physicians' actions so entwined with governmental policies or so impregnated with a governmental character as to become subject to the constitutional limitations placed upon state action.") (internal quotation marks and citation omitted); *Raper v. Controneo*, No. 1:17-cv-368, 2017 U.S. Dist. LEXIS 154005, at *10-11 (W.D. Mich. Sept. 21, 2017) (holding that a private physician who performed surgery on the prisoner plaintiff at an offsite hospital was not state actor); *Rosario v. Washington Mem'l Hosp.*, No. CIV.A. 12-1799, 2013 U.S. Dist. LEXIS 70012, at *11 (W.D. Pa. May 17, 2013) ("While Plaintiff was an arrestee at the time he was brought to the Washington Memorial Hospital, that fact does not transform the Washington Memorial Hospital or any of its agents into entities who acted under color of state law in treating Plaintiff . . . ."); *Ketola v. Clearwater*, No. 1:08-cv-31, 2008 U.S. Dist. LEXIS 104205, at *8 (W.D. Mich. Oct. 31, 2008) (holding that even if the defendant hospital and its physician "treated [the prisoner plaintiff] at the state's request and expense, they did not thereby become state actors"). Therefore, the § 1983 claims against Jenny Stewart Hospital and its employees must be dismissed for failure to state a claim upon which relief may be granted.

### B. State-law claims

To the extent Plaintiff asserts state-law negligence claims against Defendants, because Plaintiff's federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over any state-law claims. *See* 28 U.S.C. § 367(c)(3) ("The district courts may decline

to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"). The state-law claims, therefore, will be dismissed without prejudice.

### V. MOTION FOR APPOINTMENT OF COUNSEL

The Court construes Plaintiff's request for the appointment of counsel in his complaint as a motion for appointment of counsel. Plaintiff states no grounds to support the request. The appointment of counsel is not a constitutional right guaranteed under the Sixth Amendment in a civil case, such as this action brought under 42 U.S.C. § 1983. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Under 28 U.S.C. § 1915(e), "[t]he court *may* request an attorney to represent any person unable to afford counsel." § 1915(e)(1) (emphasis added). It is a matter "'within the discretion of the court,'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)), and "'is a privilege that is justified only by exceptional circumstances.'" *Lavado*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "To determine whether these exceptional circumstances exist, courts typically consider 'the type of case and the ability of the plaintiff to represent himself.'" *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)). "This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Lavado*, 992 F.2d at 606 (quoting *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986)).

The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel. A review of Plaintiff's complaint shows that he is familiar with the workings of the legal system and able to present his case to the Court. Moreover, he has presented no basis for finding that his circumstances are different from any other *pro se* prisoner litigating a

case. *See, e.g.*, *King v. Mays*, No. 3:18-CV-00112, 2018 U.S. Dist. LEXIS 94523, at *4 (M.D. Tenn. June 5, 2018) (finding "indigence and lack of legal knowledge or training are circumstances typical of prisoner litigants, rather than anything of an exceptional nature"). Consequently, the Court finds that Plaintiff has not set forth any "exceptional circumstances" warranting appointment of counsel. Therefore,

**IT IS ORDERED** that Plaintiff's motion for the appointment of counsel (DN 1) is **DENIED**.

## VI. CONCLUSION

The Court will enter a separate Order of dismissal for the reasons stated herein.

**The Clerk of Court is DIRECTED to send Plaintiff a § 1983 complaint form should he wish to file an action against Hopkins County Detention Center employees as discussed above.**

Date: February 21, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.010